# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 0664

## GINA TOWNZEL

## VERSUS

## GEORGE O. RUSH AND PROGRESSIVE PALOVERDE INSURANCE COMPANY

**Judgment Rendered:** ⌐JAN 0 9 2020

\* \* \* \* \* \*

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2018-13530

Honorable William J. Knight, Judge Presiding

\* \* \* \* \* \*

Leloashia H. Taylor
Gretna, Louisiana

Charles V. Giordano
Michael E. Escudier
Jairo F. Sanchez
Dianna Duffy Willem
Alicia R. Aguillard
Metairie, Louisiana

Counsel for Plaintiff/Appellant
Gina Townzel

Counsel for Defendant/Appellee
Progressive Paloverde Insurance Company

\* \* \* \* \* \*

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

Welch J. concurs without reasons

**McCLENDON, J.**

The plaintiff appeals a summary judgment in favor of one of the defendants that dismissed the plaintiff's claims against that defendant with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On May 29, 2018, George O. Rush agreed to sell to Gina Townzel his 2009 Hyundai Santa Fe, which was secured by a mortgage in favor of Capital One Bank (Capital One). Pursuant to their agreement, Mr. Rush and Ms. Townzel signed a Transfer of Title/Bill of Sale on that date in the presence of a notary public, wherein Ms. Townzel agreed to pay $5,000.00 to Capital One in exchange for possession and ownership of the vehicle. Additionally, the agreement provided that Ms. Townzel, as the buyer, would provide insurance coverage on the vehicle on May 29, 2018. Ms. Townzel paid $5,000.00 to Capital One and took possession of the vehicle on May 29, 2018, as per the agreement.

Thereafter, on June 1, 2018, Ms. Tonzel was involved in a motor vehicle accident in the subject vehicle. Ms. Townzel made a claim for the injuries she alleged she sustained in the accident under the insurance policy issued to Mr. Rush on the Hyundai by Progressive Paloverde Insurance Company (Progressive). Progressive denied coverage for Ms. Townzel's claim.

On July 19, 2018, Ms. Townzel filed a Petition for Declaratory Judgment against Mr. Rush and Progressive. Therein, she requested a judgment in her favor declaring that 1) the signing of the bill of sale was not effective to transfer ownership of the subject vehicle, 2) the automatic termination clause in the Progressive policy was inapplicable because ownership of the vehicle was not transferred, and 3) she was a covered party under the insurance policy issued by Progressive to Mr. Rush.

After answering the petition, Progressive filed a Motion for Summary Judgment, asserting that there were no genuine issues of material fact that the policy issued to Mr. Rush excluded coverage for the claims of Ms. Townzel. The trial court heard the motion and granted summary judgment in Progressive's favor, dismissing all claims

2

against it. The trial court signed a judgment in conformity with its ruling on February 27, 2019, and issued written reasons on April 22, 2019. Ms. Townzel has appealed, asserting that the trial court erred in finding that a sale was confected without the certificate of title.

## SUMMARY JUDGMENT LAW

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966A(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Riedel v. Fenasci**, 18-0540 (La.App. 1 Cir. 12/28/18), 270 So.3d 583, 590.

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover's burden does not require that he or she negate all essential elements of the adverse party's claim, action, or defense, but rather to point to the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966D(1).

When a motion for summary judgment is made and supported as provided in LSA-C.C.P. art. 967, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in LSA-C.C.P. art. 967, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against

3

him.  LSA-C.C.P. art. 967B.  Whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case.  **Riedel**, 270 So.3d at 591.

## DISCUSSION

On appeal, Ms. Townzel contends that the trial court erred in finding that the sale was perfected, arguing that the sale of a motor vehicle is prohibited under Louisiana law without the certificate of title.  Therefore, according to Ms. Townzel, the automatic termination clause in Mr. Rush's insurance policy was not triggered and she was an omnibus insured under his policy.  Specifically, Ms. Townzel makes the argument that LSA-R.S. 32:705A controls the sale or transfer of a motor vehicle, which statute provides that no person shall sell a vehicle without delivering the certificate of title in the seller's name to the purchaser.[1]  Ms. Townzel asserts that because Mr. Rush did not hold the title to his vehicle, which was subject to the loan by Capital One, the "sale" of the vehicle was prohibited by LSA-R.S. 32:705A.  In support of this argument, Ms. Townzel refers to LSA-C.C. art. 2448, which provides that "[a]ll things corporeal or incorporeal, susceptible of ownership, may be the object of a contract of sale, unless the sale of a particular thing is prohibited by law."  Therefore, according to Ms. Townzel, without delivery of the certificate of title as required by LSA-R.S. 32:705A, the sale of the subject vehicle was prohibited by law pursuant to LSA-C.C. art. 2448.  We disagree.

The jurisprudence of Louisiana is quite clear that the sale of a motor vehicle is governed by the articles in the Louisiana Civil Code relating to the sale of movables. **Biggs v. Prewitt**, 95-0315 (La.App. 1 Cir. 10/6/95), 669 So.2d 441, 443, writ denied, 96-1035 (La. 5/31/96), 674 So.2d 264; **Sherman v. State Farm Mut. Auto. Ins. Co.**, 413 So.2d 644, 646 (La.App. 1 Cir.), writ denied, 414 So.2d 776 (La. 1982).  Louisiana Civil Code article 2439 provides that a "[s]ale is a contract whereby a person transfers ownership of a thing to another for a price in money.  The thing, the price, and the

---

[1] Louisiana Revised Statutes 32:705A provides, in relevant part, that "[n]o person shall sell a vehicle without delivery to the purchaser thereof, whether such purchaser be a dealer or otherwise, a certificate of title issued under this Chapter in the name of the seller with such signed endorsement of sale and assignment thereon as may be necessary to show title in the purchaser."

4

consent of the parties are requirements for the perfection of a sale."[2]  There must be a meeting of the minds of the parties as to the object to be sold and the price.  **Biggs,** 669 So.2d at 443; **Sherman,** 413 So.2d at 646.  The jurisprudence of this state does not require that the certificate of title to a vehicle be transferred in order for the sale to be a valid one.  **Biggs,** 669 So.2d at 443.  Furthermore, sale of a vehicle is not affected by non-compliance with the Vehicle Certificate of Title Law, LSA-R.S. 32:701, *et seq.* **Biggs,** 669 So.2d at 443; **Sherman,** 413 So.2d at 646.

Ms. Townzel attached to her petition for declaratory judgment the Transfer of Title/Bill of Sale, the registration certificate for the vehicle in Mr. Rush's name, and the correspondence from Progressive, dated June 20, 2018, where Progressive denied her claim, citing automatic termination language in the policy.[3]  In support of its motion for summary judgment, Progressive submitted the petition, with the attachments.  Ms. Townzel failed to oppose the motion.

In the Transfer of Title/Bill of Sale, Ms. Townzel clearly agreed to pay $5,000.00 for possession and ownership of the subject vehicle.  Unquestionably, there was a meeting of the minds of the parties as to the object to be sold and the price. Accordingly, on our *de novo* review of the record, we find that the essential elements of a sale, the thing, price, and consent, were met, and the sale of the Hyundai was perfected on May 29, 2018.[4]  Because the record establishes that there are no genuine issues of material fact that a sale and transfer of ownership took place, Progressive is entitled to judgment as a matter of law, and summary judgment was properly granted.

---

[2]  Louisiana Civil Code article 2456 also provides that "[o]wnership is transferred between the parties as soon as there is agreement on the thing and the price is fixed, even though the thing sold is not yet delivered nor the price paid."

[3] Progressive referred to the following language in the insurance policy issued to Mr. Rush: "If a covered auto is sold or transferred to someone other than you or a relative, any insurance provided by this policy will terminate as to that covered auto on the effective date of the sale or transfer."

[4]  Ms. Townzel also suggests that the 1993 revision to Article 2448 was subsequent to Louisiana jurisprudence that clearly establishes that the certificate of title to a vehicle is not required for a sale to be valid.  However, the Revision Comments--1993 to Article 2448 provide that the "Article reproduces the substance of Articles 2448 and 2449 of the Louisiana Civil Code of 1870.  It does not change the law." See also **Branstetter v. Rives,** 16-0376 (La.App. 1 Cir. 12/14/16), 2016 WL 7243645, p. 5 (unpublished).

**CONCLUSION**

For the foregoing reasons, we affirm the February 27, 2019 judgment of the trial court, granting summary judgment in favor of the defendant, Progressive Paloverde Insurance Company. All costs of this appeal are assessed to the plaintiff, Gina Townzel.

**AFFIRMED.**

6